People v Diaz (2022 NY Slip Op 06179)

People v Diaz

2022 NY Slip Op 06179

Decided on November 03, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 03, 2022

Before: Renwick, J.P., Kern, Moulton, Mendez, Pitt, JJ. 

 Index No. 570438/18 Appeal No. 16591 Case No. 2021-01358 

[*1]The People of the State of New York, Respondent,
v
Neftali Thomas Diaz, Defendant-Appellant.

Robert S. Dean, Center for Appellate Litigation, New York (Nicole P. Geoglis of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Meghan McLoughlin of counsel), for respondent.

Order, Appellate Term, First Department, entered October 21, 2020, which affirmed an order of the Criminal Court of the City of New York, New York County (Judy H. Kim, J.), entered on or about November 9, 2018, adjudicating defendant a level two sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The court correctly assessed defendant 15 points under risk factor 14 for release without supervision. At the time of his guilty plea, defendant was released from custody so that he could participate in a rehabilitation program that provided supervision. Defendant successfully completed the program, and the court sentenced him to time served and a conditional discharge. Thus, after being sentenced, defendant was no longer under any supervision. Defendant argues, however, that his supervision by the program during his presentencing release from custody qualifies as supervision.
The applicable Guidelines commentary expressly refers to supervision by a "probation or parole officer" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 17 [2006]) and thus plainly contemplates that "supervision" refers to supervision of offenders who have been convicted. A person becomes a sex offender under the statute only after being sentenced for a conviction of a sex offense. Here, defendant had pleaded guilty by the time he participated in the program, but he had not been sentenced. Extending the concept of supervision to include a period of preconviction release would be at odds with the ordinary meaning of the commentary. Defendant was without any supervision during the relevant prospective period, that is, the period in which he would be required to register as a sex offender.
The court properly exercised its discretion when it declined to grant a downward departure (see People v Gillotti, 23 NY3d 841 [2014]). There were no mitigating factors that were not adequately taken into account by the risk assessment instrument or outweighed by the extent of defendant's criminal record. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 3, 2022